UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| AMANDA CATHERINE TOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:17-cv-00516-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| *sued as Andrew Saul, Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Amanda Catherine Toth brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On January 8, 2019, the Court entered an Opinion and Order, reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (ECF 25).

Toth's attorney, Joseph Shull ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $12,585.63 for Counsel's representation of Toth in federal court. (ECF 32). The Commissioner does not oppose Counsel's fee request. (ECF 34). For the following reasons, the motion for attorney fees will be GRANTED, subject to an offset as explained herein.

### *A. Factual and Procedural Background*

On December 22, 2017, Counsel entered into a Federal District Court Fee Agreement (the "Fee Agreement") with Toth for his representation of Toth in federal court, in which Toth

---

[1] Andrew Saul is now the Commissioner of Social Security, *see, e.g., Saunders v. Saul*, 777 F. App'x 821 (7th Cir. 2019); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *1 n.2 (N.D. Ill. July 23, 2019), and thus, he is automatically substituted for Nancy Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

agreed to pay Counsel twenty-five percent of any past-due benefits awarded to her.[2]  (ECF 33-2).

On December 22, 2017, Toth filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits.  (ECF 1).  On January 8, 2019, the Court entered a judgment in Toth's favor and remanded the case to the Commissioner for further proceedings.  (ECF 25, 26).

On January 22, 2019, Toth filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,543.80, seeking payment for the 38.10 hours of attorney time spent advocating her claim in federal court.  (ECF 27).  The parties subsequently stipulated to an EAJA fee award of $7,200, which the Court granted.  (ECF 30, 31).  Counsel ultimately received the entire $7,200 in EAJA fees.  (ECF 33 at 11).

On December 8, 2019, the Commissioner sent a notice of award to Toth, informing that she was entitled to monthly disability benefits beginning March 2011 and past-due benefits of $55,756.87.  (ECF 33-1 at 1-2).  The Commissioner withheld $18,585.63 of Toth's past-due benefits to pay Toth's attorneys—$6,000 of which the Commissioner distributed to counsel who represented Toth at the administrative level.  (*Id.* at 3; ECF 33 at 2).  On September 18, 2020, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of $12,585.63 in attorney fees before this Court.  (*See* ECF 32, 33).

### B.  Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

representation in court.  *Id*.  Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level.  *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).  There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a).  *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4]  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b).  *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA.  *Gisbrecht*, 535 U.S. at 796.  Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b).  *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements.

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

*Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> 
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee of $12,585.63 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Toth was sent $55,756.87 in past-due benefits. (*See* ECF 33-1 at 2). Thus, the fee amount that Counsel requests, $12,585.63, does not exceed twenty-five percent of Toth's past-due benefits.

Counsel contends that the requested fee award of $12,585.63 is reasonable for the 38.10 attorney hours spent representing Toth in federal court. It is obvious that Counsel obtained a good result for Toth, as the Commissioner ultimately found her disabled and awarded her $55,756.87 in back benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large

4

measure of success for his client). However, in doing so, Counsel requested *four* twenty-eight day extensions, all due to his "busy schedule." (ECF 14-17, 20-23). This delay is a factor that cuts against, at least to some extent, Counsel's requested fee. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $12,585.63 divided by the 38.10 hours he spent on the case in federal court equates to an effective rate of approximately $330 per hour.[5] As such, Counsel's requested fee equates to an effective rate below previous awards approved by this

---

[5] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

5

Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).

Having considered the foregoing factors, the Court concludes that despite Counsel's creation of a four-month delay in the briefing process, Counsel's requested fee award of $12,585.63 is reasonable for the good result he achieved for Toth. Therefore, Counsel's requested fee of $12,585.63 will be authorized by this Court, subject, however, the following adjustment.

Counsel filed his § 406(b) fee request approximately nine months after Toth was awarded benefits, and thus, there is a timeliness issue concerning his fee request. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed." (citations omitted)). The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith*, 815 F.2d at 1156; *see, e.g.*, *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable).

In *Vanbuskirk v. Colvin*, this Court, over the Commissioner's objection, granted Counsel's fee request that was filed two years after the benefit award, cautioning him that "in the future the undersigned Magistrate may not be persuaded by [his] reliance on the receipt of a close-out letter to show timeliness of a § 406(b) petition." No. 1:10-cv-360, 2015 WL 3439228,

6

at *4 (N.D. Ind. May 28, 2015). In doing so, the Court found it significant that there was no sum remaining after the fee award, and thus, that the delay had no effect on the plaintiff; that is, *Vanbuskirk* was not a case where "money rightfully due the plaintiff" had been "needlessly withheld for an excessive amount of time."[6] *Cox*, 2011 WL 2692910, at *2; *see Garland*, 492 F. Supp. 2d at 222 ("In deciding whether the instant application is timely, the court also considers the effect of the delay on plaintiff.").

Here, however, there is a sum remaining after the fee award, and thus, the delay has prejudiced Toth, at least to some extent. *See, e.g.*, *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits); *Garland*, 492 F. Supp. 2d at 221-22 (denying a § 406(b) fee award where the attorney delayed nine months in filing the motion). Counsel's delay has deprived Toth of the timely receipt of $7,200 in past-due benefits—that is, the amount of EAJA fees that Counsel previously received and must now refund to Toth as result of the § 406(b) award. *See Scharlatt*, 2008 WL 5000531, at *6. Toth should not be prejudiced by Counsel's delay. *See id*.

Therefore, Counsel's award of $12,585.63 will "be reduced to account for the prejudice that resulted to [Toth] because of his delay." *Id*. In that regard, Counsel must add an amount equal to the interest on the $7,200 owed to Toth, as calculated pursuant to the statutory interest rate, beginning March 9, 2020, which is 90 days after the date of Toth's benefits award, through September 18, 2020, the date Counsel filed the instant motion for attorney fees, and add it to the

---

[6] "Given that the Commissioner withheld 25 percent of plaintiff's benefits pending the disposition of any attorneys' fee application, the delay by plaintiff's attorney in seeking an award of fees has direct relevance to plaintiff." *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007). A plaintiff "will receive any sum remaining after the fee award is deducted, so [s]he has an economic stake in the outcome of this proceeding." *Id*.

$7,200 owed to Toth. *See id.* Within thirty days of his receipt of the § 406(b) award, Counsel must refund $7,200 (the amount of the EAJA fee award that Counsel previously received) plus the interest calculated thereon, to Toth.

### *D. Conclusion*

For the foregoing reasons, Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 32) is GRANTED in the amount of $12,585.63, subject, however, to the following adjustment. Counsel is ORDERED to add to $7,200 owed to Toth, an amount equal to the interest on the $7,200, as calculated pursuant to the statutory interest rate, beginning March 9, 2020, through September 18, 2020. Counsel is to refund these outstanding amounts to Toth within thirty days of his receipt of the § 406(b) fee award from the Commissioner.

SO ORDERED.

Entered this 3rd day of November 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge